THOMAS E. BORBELY, ESQ. (SBN 237977)
RONALD F. BERESTKA, ESQ. (SBN 155707)
**BORBELY & ASSOCIATES**
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Telephone: (925) 954-9700
Facsimile: (925) 954-9711
TEBorbely@BorbelyLaw.com
RFBerestka@BorbelyLaw.com

Attorneys for Plaintiff JASON CERECEDES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JASON CERECEDES, an individual dba ASTONISHING CONSTRUCTION

Plaintiff,

v.

HOUSTON CASUALTY COMPANY and DOES 1 through 100, inclusive,

Defendants.

Case No.: 24-cv-06558

**JASON CERECEDES' FIRST AMENDED COMPLAINT FOR:**

1. **BREACH OF CONTRACT**
2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH**
3. **UNFAIR BUSINESS PRACTICES UNDER BUS. & PROF. CODE §17200, ET SEQ**
4. **DECLARATORY RELIEF- *CUMIS* APPOINTMENT**

Plaintiff JASON CERECEDES ("Plaintiff" or "CERECEDES") files this First Amended Complaint against defendants HOUSTON CASUALTY COMPANY ("HCC") and DOES 1 through 100 inclusive ("Doe Defendants" or "DOES"), and alleges based on personal knowledge as to acts and events taking place in his presence or upon information and belief as to all other acts as follows:

**THE PARTIES**

1. Plaintiff CERECEDES is a California resident and a licensed general contractor doing business as Astonishing Construction. Plaintiff has been a licensed general contractor for nearly 20 years, and at all relevant times his business was located in Contra Costa County California.

2. Plaintiff is informed and believes, and upon such information and belief alleges, that

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

Defendant HCC is a licensed insurance carrier authorized to do business in the State of California, and it is part of the Tokio Marine Group, and was the agent, servant, partner, joint venturer, employee, alter ego, subsidiary, parent and/or franchisee of DOES 1-100, and at all times acting within the course and scope of such agency, service, employment, joint venture, partnership, franchise, and/or authority and control of DOES 1-100.

3. The true names, capacities or involvements, whether individual, corporate, governmental, or associate, of the defendants named herein as DOES are unknown to Plaintiff who therefore sues said defendants by said fictious names. Plaintiff prays leave to amend this complaint to show their true names and capacities when the same has been finally determined.

4. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the defendants designated herein as DOES negligently, recklessly, intentionally, strictly or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, recklessly, intentionally, strictly or otherwise legally caused the injuries and damages to Plaintiff as are hereinafter alleged.

5. At all times relevant, each and every of the defendants herein was the agent, servant, partner, joint venturer, employee, alter ego and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

6. This Court has subject matter jurisdiction over this matter because at all relevant times, defendants resided in, were incorporated in, or did significant business in the State of California so as to render the exercise of jurisdiction over defendants by California courts consistent with traditional notions of fair play and substantial justice. The amount in controversy exceeds the jurisdictional minimum of this court. This case, originally filed in the California Superior Court for the County of Contra Costa, was removed by defendants pursuant to diversity jurisdiction.

**THE INSURANCE**

7. Throughout his history as a licensed general contractor, CERECEDES continuously purchased general liability insurance and excess liability insurance to afford him security, protection, and peace of mind in the event that should he ever be sued relating to the work of his business for,

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711

among other things, alleged defects in construction work and damages arising therefrom. To that end CERECEDES purchased insurance to protect him, his business and livelihood, and to afford security for his family.

**8.** To advance these protections, CERECEDES individually and for his work performed as Astonishing Construction, obtained Commercial General Liability insurance coverage and Commercial Excess Liability insurance coverage in 2018 with defendant HCC Policy H18AC80828-00, with effective dates of October 14, 2018, to October 14, 2019, and duly paid all premiums owing on that policy. Thereafter, Plaintiff renewed these policies for insurance with HCC for October 14, 2019, to October 14, 2020 (Policy H19AC80828-01), October 14, 2020, to October 14, 2021 (Policy H20AC80828-02), October 14, 2021, to October 14, 2022 (Policy H21AC80828-03), (Eff. 10/14/2021 to 10/14/2022), again duly paying all premiums owing for each policy period. The original policy and all renewals referenced above shall be collectively referenced as the "Policy."

9. The Policy affords coverage for bodily injury and property damage in Coverage A of Section I, stating:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> **a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711

> **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

10. In breach of the insurance obligations that HCC, and DOES 1-100 undertook in exchange for receipt of CERECEDES'S premium payments—which CERECEDES dutifully and regularly paid—HCC and DOES 1-100 denied CERECEDES'S tender and request for defense and indemnity for claims asserted against him that arose out of CERECEDES'S construction work as Astonishing Construction, the very purpose for obtaining insurance. HCCand DOES 1-100 denied coverage and refused to provide CERECEDES a defense upon proper and timely tender of the claims notwithstanding language of the applicable policies, which provide coverage for such losses, and TOKIO, HCC and DOES 1-100 did so improperly, fraudulently, and in violation of California law, and with the conscious disregard for the rights of CERECEDES under the insurance contract and under California law.

**THE UNDERLYING CLAIM AND TENDERS**

11. In September of 2019, CERECEDES doing business as Astonishing Construction, entered into an agreement with Una Elias to perform renovation to Elias's single-family residence located in Berkeley, California. The agreement called for CERECEDES to provide labor, materials, communications, supervision, and coordination necessary to perform and finish remodeling work at the subject property. The scope of work included installation of a drainage system, basement level deck with iron railing, and a furnace system as well as other renovation of the property. CERECEDES commenced work on this project in September of 2019.

12. On May 24, 2023, Elias filed suit against CERECEDES and Astonishing Construction, alleging defects in the construction work performed by CERECEDES and resulting damage to Elias's property and residence. Elias's complaint contains several causes of action including; (1) breach of

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711
B&A

contract; (2) breach of oral contract; (3) accounting; (4) breach of express warranty; (5) breach of implied warranty; (6) negligence; (7) professional negligence; (8) declaratory relief; and (9) recovery on contractor's bond. Elias claims that property damage due to CERECEDES' allegedly defective construction work exceeds $1,000,000. Prior to filing the lawsuit, Elias and his attorney advised CERECEDES of the claim and CERECEDES promptly provided notice and tendered the claim to HCC on March 1, 2023.

13. Elias's claim, in part, alleges that work performed by CERECEDES was negligent and allowed water intrusion into and around the residence during construction, and after CERECEDES completed work on Elias's residence. Specifically, Elias alleges that damage to the exterior and interior of Elias's property occurred as soon as the first rainfall after CERECEDES completed work on the residence on August 23, 2021. Moreover, Elias claims that property damage would then necessarily have also occurred during any rainfall "occurrence" between that date and the end date of HCC policy H21AC80828-03, which was October 14, 2022. As such, Elias alleges that damage occurred to his property during at least two of HCC'S policy periods.

14. CERECEDES' March 1, 2023 notice of the Elias claim to HCC included contact information for Elias's attorney. Shortly after this notification, HCC purportedly conducted an investigation of the claim and dispatched an investigator to the Elias home to evaluate the damages claimed. This investigator, controlled and directed by HCC, thereafter reported to HCC that the damages to the Elias home were solely to the work performed by CERECEDES, which was not true, hence HCC determined that any obligation to defend and/or indemnify CERECEDES under the policy was excluded by the policy terms. On May 17, 2023, HCC responded to CERECEDES'S tender denying CERECEDES'S right to a defense and all coverage, stating that it "will not defend or indemnify Astonishing Construction for any aspect of this claim." HCC's declination of coverage—applying an excessively narrow reading to Elias's claim—wrongly asserted that the property damage to Elias's premises (a) "did not occur during the effective dates of the HCC policy periods, therefore, no coverage is afforded" and (b) HCC concluded that Elias's alleged property damage was only to work performed by CERECEDES and therefore policy exclusions applied since there was no damage to "other property." These asserted bases for the denial were factually incorrect, and the falsity of these

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711



assertions would have been easily revealed had HCC conducted a reasonable investigation of the claim, something it did not do.

15. On August 25, 2023, CERECEDES, through personal counsel, Borbely & Associates, responded to HCC's disclaimer of coverage and rejection of any defense obligations, identifying the factual errors in HCC's denial, requesting HCC immediately acknowledge its clear and unequivocal duty to defend and indemnify CERECEDES dba Astonishing Construction. The August 25, 2023 correspondence specifically identified the Elias lawsuit ("*Elias v. Cerecedes dba Astonishing Construction, et al.*, Alameda County Superior Court Case No: 23CV034217") as the subject of the correspondence. It further identified HCC's improper conflation of the date of discovery of damage with the date damage to the property actually "occurred," noting that Elias specifically alleges that damage to the exterior and interior of her property occurred during the first rainfall after CERECEDES completed construction on August 23, 2021, and at every rainfall thereafter. Accordingly, Ms. Elias alleges that new and additional damage occurred during two of HCC's policy periods as rain occurred during those periods, triggering coverage, and at a bare minimum, an unequivocal duty to defend CERECEDES from the claims. Moreover, contrary to HCC's assertion, Elias alleged resulting damage to her property generally, claims that were not limited to the work performed by CERECEDES, as HCC improperly contended when wrongly denying their unequivocal defense and indemnity obligation.

16. Following CERECEDES' tender of defense and indemnity to HCC on August 25, 2023, HCC formally rejected the tender on September 1, 2023 via email communication to CERECEDES'S counsel, Borbely & Associates. The denial reiterated the same reasons HCC denied coverage and any obligation to defend CERECEDES as set forth in its May 17, 2023 letter, continuing to wrongly insist that the claimed damage to the Elias home did not occur in the policy period despite clear evidence to the contrary. Given HCC's continued denial of coverage and claim that a portion of damage to Elias's property was to work performed by CERECEDES and therefore coverage would not exist as to such claims, CERECEDES demanded that CERECEDES be afforded independent counsel under Civ. Code §2860 as an admitted irreconcilable conflict exists between HCC as insurer, and CERECEDES as insured.

17. When CERECEDES identified and advised HCC of its factual and analytical errors

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711



and the necessity of independent counsel pursuant to Civ. Code §2860, HCC became more entrenched in its position, wrongly insisting that there was no coverage and no duty to defend. CERECEDES, through counsel, retendered to HCC several more times via email correspondence with HCC representatives, but HCC continued to deny its coverage and defense obligations. HCC's position was so clearly improper, CERECEDES'S counsel urged the HCC claims representative to promptly consult with coverage counsel as HCC's conduct and continued refusal to provide a defense and/or indemnity constituted clear bad faith. After several months, HCC finally retained coverage counsel who ultimately acknowledged HCC's clear obligation to defend CERECEDES in the Elias lawsuit in correspondence dated October 5, 2023.

18. HCC's October 5, 2023 letter reserves its rights to disclaim coverage and withdraw the defense provided to CERECEDES. Specifically, the letter limited indemnification responsibility for work performed in the amorphously defined "Renovation/Handyman classification" only, and then, coverage is only afforded if a litany of other exclusions do not apply. Given HCC right to control all aspects of the defense pursuant to the policy terms, appointed insurance defense counsel, beholden to the carrier for continued business, has great incentive to litigate the case such that covered claims are minimized while uncovered claims predominate, and/or to shift claimed damages to a scope of work outside of the Renovation/Handyman coverage. This is easily accomplished by avoiding the expense of expert investigation and destructive testing that can otherwise reveal damage to the Elias property other than the insured's own work, which HCC claims would be excluded damages under the policy. These are matters that will not necessarily be litigated directly by Elias as she need only establish that the work was non-conforming to form the basis of recovery. Therefore, the facts that are established in discovery can be manipulated in HCC's favor—such that covered damages are minimized while uncovered damages predominate—by insurance defense counsel's litigation strategies that are controlled by HCC.

19. HCC's October 5, 2023, correspondence, nonetheless rejected CERECEDES'S request for independent counsel, and sought to appoint retained insurance defense counsel to defend CERECEDES, specifically Thomas Fama, Esq. of Wood Smith Henning & Berman. Given HCC's prior conduct, including among other things, its denial of coverage, continuing efforts to avoid



BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700  FAX: (925) 954-9711

coverage, disclaimer of coverage due to claimed insurance policy exclusions, and refusal to afford CERECEDES a defense despite clear and unequivocal evidence supporting such a duty, personal counsel for CERECEDES, requested the results of a conflict check for the proposed firm, as well as copies of all communications between the Wood Smith firm, and HCC, and/or HCC's representatives. This was done to determine what instructions had been provided by HCC to its selected counsel in light of the repeated and inexplicable efforts to disclaim coverage, to ensure that CERECEDES' interests would be faithfully protected, and to ensure insurance defense counsel would not subordinate CERECEDES' interests to those of HCC. Initially, CERECEDES received no response to the request.

20. On January 5, 2024, more than three months after the initial request, CERECEDES, through personal counsel, again requested the results of the conflict check and all correspondence between HCC and/or its representatives, and the Wood Smith firm. On January 8, 2024, Mr. Fama finally produced the result of the conflict check but did not provide his firm's correspondence with HCC.

21. On January 16, 2024, over three months after the initial request, HCC eventually produced emails, some in redacted form, between HCC, and the attorneys it sought to appoint as counsel for its insured, Thomas Fama of the Wood Smith firm. The correspondence revealed that, on October 3, 2024, the very day the documents were requested by CERECEDES—now Mr. Fama's client—HCC's claims representative, Michele Greene, directed Mr. Fama not to respond to his own client's request for correspondence evidencing the directives given by HCC to Mr. Fama related to CERECEDES' defense, an instruction Mr. Fama improperly followed. This directive to counsel not to provide a response to his own client for documents to which he was unequivocally entitled, and Mr. Fama's adherence to this improper instruction evidences both the conflict between HCC and Mr. Fama's breach of his duty of fidelity to his own client. The directive from HCC also revealed its efforts to hide information from its insured, information to which he was entitled, further evidencing HCC's exercise of self-interested control of the defense of the Elias matter, and placing its own interests over those of its insured.

22. Further, the correspondence between the Wood Smith firm and HCC revealed that Mr. Fama— CERECEDES' own counsel—improperly provided legal advice to HCC in direct conflict with

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

CERECEDES' interests and request, and advised HCC that he did not believe CERECEDES —who at the time was Fama's own client—was entitled to the requested correspondence, elevating his loyalty to HCC over that of his client, thereby creating a conflict of interest in his representation of CERECEDES.  In addition, Mr. Fama assembled the emails requested by CERECEDES regarding CERECEDES tender to HCC, and the appointment of Mr. Fama, in the Elias matter.  Mr. Fama provided the requested materials to HCC's coverage counsel to allow HCC to make the decisions as to what communications to release, and what information to improperly redact from communications which were not, and could not be subject to any privilege, and that would prohibit full and complete disclosure to Mr. Fama's own client.  Mr. Fama breached his duty to CERECEDES when he argued to HCC that CERECEDES—his new client—was not entitled to communications between Mr. Fama, HCC and HCC's coverage counsel regarding CERECEDES tender to HCC, and the directives given to Mr. Fama by HCC establishing the collusion between HCC and insurance defense counsel beholden to it.

23.     Once the aforementioned emails between Mr. Fama, HCC and HCC's coverage counsel were produced to CERECEDES'S personal counsel, Mr. Fama's conflict was laid bare, and HCC was compelled to appoint new insurance defense counsel.  Ultimately, in February 2024, HCC selected the law firm of Skane Mills to defend CERECEDES.  Following CERECEDES' due diligence, including review of a conflict check and prompt production of communications between HCC and the Skane Mills firm, CERECEDES allowed the representation to proceed, without prejudice or waiver of his rights to independent counsel, because it was apparent at this point that HCC was placing its interests above those of CERECEDES in an effort to wrongly disclaim coverage wherever and whenever possible.

24.     HCC has refused to pay and continues to refuse to pay the majority of CERECEDES' attorneys' fees incurred in his defense from October 5, 2023, the date HCC appointed Mr. Fama, through the date Skane Mills was hired to represent CERECEDES in February of 2024.  During this time Borbely & Associates represented CERECEDES and CERECEDES incurred attorney's fees for this representation.  Nonetheless, despite demand for payment, HCC improperly refused and continues to refuse to pay these fees which are owed due to the fact that Mr. Fama was immediately conflicted

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA  94598
TEL: (925) 954-9700   FAX: (925) 954-9711

by his own conduct, and could not represent CERECEDES due to the conflict during that time period, thereby wrongly forcing CERECEDES to pay his own legal expenses despite HCC's illusory agreement to defend him.

25. Throughout the tender process, HCC exhibited a conscious disregard for the rights of CERECEDES, its insured. HCC initially failed to conduct a reasonably diligent investigation into Elias's claims after CERECEDES tendered the claim and prior to the filing of the Elias lawsuit, focusing only on damages to the Elias home that would not be covered due to policy exclusions, while negligently, deliberately and willfully disregarding damages that are covered by the policy. HCC was aware that Elias had counsel after the matter was tendered and HCC communicated with said counsel, yet failed to inquire as to all of the damages Elias was alleging. Instead, HCC took an excessively and unreasonably narrow approach to the claim by focusing only on damages that would arguably be excluded under the HCC policy, while ignoring Elias's much broader claim for property damage that fell within the coverage of the HCC policy. As a result of these failures, acts and omissions, and by casting a blind eye to the facts, HCC improperly denied coverage and denied a defense to CERECEDES in the lawsuit filed by Elias, forcing CERECEDES to retain personal counsel and incur attorneys' fees and costs to defend him in the action, and to get HCC to honor its contractual obligations to him.

26. From March of 2023 until CERECEDES' personal counsel received HCC's reservation of rights letter from HCC's coverage counsel dated October 5, 2023, HCC continued to deny CERECEDES' repeated tenders demanding defense and indemnity for the Elias suit which had been filed on May 24, 2023, despite having information that unequivocally triggered a duty to defend and indemnify CERECEDES and despite being provided this information multiple times after the initial denial. Moreover, the information CERECEDES initially provided HCC as to the Elias claim on March 1, 2023, triggered immediate defense, as well as indemnity obligations under the HCC the Policy, and additional information later provided was readily available to HCC at that time had it conducted a reasonably diligent investigation of the Elias claim; indeed, HCC could have discovered all of this information by simply asking Elias's counsel who was known to HCC no later than March 1, 2023. Further, HCC ultimately accepted its unequivocal duty to defend CERECEDES based on the very same information upon which it had denied coverage for multiple months, having neither requested nor

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

received any additional information between the time of the final denial by HCC's claims agent Ms. Greene, and the time of the October 5, 2023, affirmation of a duty to defend subject to reservation of rights.

27. HCC, in support of its continued wrongful refusal to honor the insurance contract, its refusal to provide a defense and its refusal to acknowledge HCC's indemnity obligations to CERECEDES, contended that policy exclusions exist as to damages sought by the Elias complaint. Elias from the inception of her claim has alleged damage to portions of her property that are not within any of HCC's identified policy exclusions. HCC's initial letter denying any defense or indemnity obligations under its policy for insurance ignored the covered claims for property damage. In HCC's subsequent reservation of rights letter recognizing its unequivocal duty to defend the action, HCC admits that Elias asserts claims for covered damages—which Elias claimed all along—as well as for claims subject to policy exclusions. This creates an irreconcilable conflict between the interests of HCC and CERECEDES in the defense of the Elias action in that appointed insurance defense counsel is in a position, through litigation tactics, including discovery, expert evaluations, and inspections, to control the outcome of the coverage issues thereby requiring the appointment of independent counsel pursuant to Civ. Code §2860. The divergent interests of CERECEDES and HCC brought about by HCC's denial of defense and indemnity and reservation of rights, both of which were based at least in part upon possible noncoverage under the insurance policy, requires HCC to pay the reasonable cost for hiring independent "*Cumis*" counsel for CERECEDES.

28. With regard to Elias' claim, HCC reserved its rights with regard to certain damage claims. The outcome of whether certain damages are excluded from coverage or covered is an issue that can be controlled by HCC's appointed defense counsel, thereby creating a conflict of interest. Despite this readily apparent conflict, and despite CERECEDES'S numerous requests for appointment of independent counsel, HCC has refused and continues to refuse, to appoint independent counsel in the Elias lawsuit.

29. As a result of HCC's wrongful and bad faith conduct, CERECEDES faced the prospect of defending the Elias lawsuit himself, the economic strain of having to pay attorneys' fees and costs in his defense of the action, and he faced and continues to face possible financial ruin as he could be

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711



personally liable to Elias for a judgment in the absence of the protection of insurance indemnity that he was promised under the insurance contract with HCC. This is especially true as HCC continues to assert that a portion, if not all of Elias's claims are subject to exclusions in HCC'S policies while providing improper directives to appointed counsel that immediately elevated HCC's interests over those of CERECEDES. CERECEDES also feared and continues to fear financial ruin and worry that he could lose his business, and therefore the ability to support his family. The resulting worry, fear, and anxiety from HCC's conduct caused and continues to cause CERECEDES severe emotional distress. CERECEDES distress suffered at the hand of HCC's misconduct is compounded by the fact that CERECEDES's child was diagnosed with cancer, and the worry and concern over his child's health, CERECEDES's ability to provide for his family, and for the medical treatment of his sick child, was being imperiled by HCC's wrongful and bad faith conduct in denying a defense and the protection of indemnity against the Elias lawsuit.

30. HCC's conduct in wrongfully denying Plaintiff a defense for seven months, appointing conflicted insurance defense counsel, directing appointed counsel to breach its duty of loyalty to CERECEDES, and refusal to appoint independent defense counsel in the face of a reservation of rights that certain of Elias's claims are subject to policy exclusions, constitutes deceit and malice, as HCC consciously disregarded the rights of CERECEDES as an insured policyholder owed the protections of the Policy for insurance despite ample factual evidence that was readily available and that was provided numerous times to HCC, all of which triggered an immediate duty to defend, and a right to indemnity. HCC willfully disregarded CERECEDES'S rights under the policy for insurance, knowing CERECEDES would be left to twist in the wind, and contemplate financial ruin for months while HCC continued to wrongly refuse to provide him the bargained for defense. Thereafter, once HCC was finally forced to acknowledge the duty to defend by sustained and vigorous efforts by CERECEDES' personal counsel, HCC and its appointed insurance defense counsel conspired to subordinate CERECEDES'S rights as an insured to those of HCC in the redacted nonprivileged documents requested by CERECEDES and sought to prioritize and elevate HCC's interests over those of CERECEDES. HCC continues in this wrongful conduct to date in refusing to appoint independent counsel and refusing to pay the defense fees and costs incurred by CERECEDES in his defense despite

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

the fact that said fees and costs were only necessitated by HCC's improper and bad faith conduct in denying coverage, then directing appointed counsel to violate his duty to CERECEDES.

**FIRST CAUSE OF ACTION**

**(BREACH OF CONTRACT—AGAINST ALL DEFENDANTS)**

31. Plaintiff realleges and incorporates by reference into this cause of action all of the allegations set forth in this Complaint.

32. At all relevant times, CERECEDES has paid all premiums and fulfilled or performed all of his obligations under the Policy.

33. Defendants had contractual duties to provide Plaintiff with insurance coverage under the applicable Policy coverages, including those specifically alleged herein. This included the obligation to defend Plaintiff should a claim be made against him.

34. Plaintiff timely tendered the Elias claim to Defendants and otherwise cooperated with defendants fulfilling all obligations he owed under the Policy.

35. Defendants, including HCC denied Plaintiff's tender of defense and request for indemnity under the Policy for the Elias claim, breaching the duties that it owed to CERECEDES under the Policy and at law. Defendants unreasonably and without proper cause denied that they owed any obligation to Plaintiff under the terms of the Policy and initially refused to even defend Plaintiff in the pending action, refusing to honor its contractual obligations to Plaintiff under the terms of the Policy. Defendants have refused and continue to refuse to pay legal expenses incurred by CERECEDES during the time which Defendants appointed conflicted counsel, a conflict defendants themselves created.

36. As a result of those breaches, Plaintiff has been damaged in the amount of coverage to which he is entitled under the Policy, the total of the attorneys' fees and costs incurred, and in an amount to be proved at trial, and for which Plaintiff seeks compensatory, general, and other monetary and general damages in an amount to be determined at trial, plus interest.

**SECOND CAUSE OF ACTION**

**(BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH—AGAINST ALL DEFENDANTS)**

37. Plaintiff re-alleges and incorporates by reference into this cause of action all of the

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

allegations set forth in this Complaint.

38. When Defendants issued the Policy, they undertook and were bound to the covenants implied by law that they would deal fairly and in good faith with CERECEDES, and not engage in any acts, conduct, or omissions that would impair or diminish the rights and benefits due CERECEDES, according to the terms of the Policy.

39. Upon information and belief, Defendants breached the implied covenant of good faith and fair dealing arising out of the Policy by, unreasonably and in bad faith, denying CERECEDES a defense and insurance coverage to which he is entitled under the Policy. Specifically, among other conduct Defendants (a) failed or refused to perform a fair, objective, reasonable and thorough investigation of the claim as required by the California Insurance Code; (b) asserted coverage defenses that were legally and/or factually invalid and thereby delaying appointment of defense counsel; (c) placed unduly restrictive interpretations on the Policy terms for the purpose of denying coverage due under the Policy; (d) failed to give CERECEDES'S interests equal consideration with its own; (e) unreasonably, excessively, and wrongly delayed acknowledging it obligations to defend CERECEDES in the Elias action; (f) forced CERECEDES to incur costs and fees to defend himself in the Elias lawsuit or risk losing his business and/or livelihood; (g) refused to reimburse CERECEDES for attorney's fees incurred during the time period when Defendants' conflicted counsel was appointed; and (h) forced CERECEDES to institute litigation to recover amounts due and benefits owed under the Policy.

40. Based on the above, CERECEDES alleges that Defendants have committed institutional bad faith that is part of a repeated pattern of unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in Defendants' established company policy.

41. In committing the above-referenced breaches and conduct described herein, Defendants intended to and did vex, damage, annoy, and injure CERECEDES. Defendants carried out their bad faith conduct with a willful and conscious disregard of CERECEDES'S rights and subjected CERECEDES to cruel and unjust hardship in conscious disregard of his rights. Alternatively, Defendants' conduct constituted an intentional misrepresentation, deceit, or concealment of a material fact known to Defendants with the intention of depriving CERECEDES of property or legal rights, or

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

of causing CERECEDES other injury. Said conduct was intentional, willful, and with conscious disregard of CERECEDES's rights, and was malicious, oppressive and/or fraudulent under California Civil Code §3294, thereby entitling CERECEDES to punitive and exemplary damages against Defendants.

42. As a proximate result of the aforementioned bad faith conduct by Defendants, CERECEDES has suffered and will continue to suffer damages. These damages include attorney's fees and costs incurred in defense of the Elias action, attorneys' fees and costs incurred in seeking to force Defendants to honor their obligations under the Policy, severe emotional distress, interest on the withheld and unreasonably delayed payments of these sums and other sums due under the Policy and other special economic and consequential damages, of a total amount to be shown at trial.

43. CERECEDES, therefore, is entitled to recover, and seeks in connection with this Cause of Action: (a) an award of general damages and other monetary damages, including all foreseeable consequential and incidental damages and out-of-pocket expenses, plus interest, in an amount to be determined at trial; (b) punitive and exemplary damages in an amount to be determined at trial; (c) CERECEDES'S costs of suit; and (d) CERECEDES'S reasonable attorneys' fees in connection with this action.

**<u>THIRD CAUSE OF ACTION</u>**

**(UNFAIR BUSINESS PRACTICES UNDER BUS. & PROF. CODE §17200, ET SEQ— AGAINST ALL DEFENDANTS)**

44. Plaintiff re-alleges and incorporates by reference into this cause of action all of the allegations set forth in this Complaint.

45. California's Unfair Competition Law, as codified by California Business & Professions Code sections 17200, et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. California's Unfair Competition Law is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent business act or practice. Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the scope of California's Unfair Competition Law.

46. Defendants' acts and practices, as described herein, constitute unlawful or unfair

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711
B&A

business practices against Plaintiffs in violation of California Business and Professions Code section 17200, *et seq*.

47. These unlawful or unfair acts and practices include, but are not limited to: (a) failing or refused to perform a fair, objective, and thorough investigation of the claim as required by the California Insurance Code, including Insurance Code §790.03; (b) asserting coverage defenses that were legally and/or factually invalid and thereby delaying appointment of defense counsel; (c) placing unduly restrictive interpretations on the Policy terms for the purpose of denying coverage due under the Policy; (d) failing to give CERECEDES's interests equal consideration with its own; (e) unreasonably, excessively, and wrongly delaying and refusing to acknowledge their obligations to defend CERECEDES in the Elias action; (f) forcing Plaintiff to incur costs and fees to defend himself in the Elias lawsuit or fear risk of losing his business; and (g) refused to reimburse CERECEDES for attorney's fees incurred during the time period from when Defendants' conflicted counsel was appointed, until unconflicted counsel was finally hired; and (h) forced CERECEDES to institute litigation to recover amounts due and benefits owed under the Policy.

48. Any claimed justification for Defendants' conduct is outweighed by the gravity of the consequences to CERECEDES. Defendants' acts and practices are immoral, unethical, oppressive, unconscionable, or substantially injurious to CERECEDES, and/or had a tendency to deceive CERECEDES.

49. By reason of Defendants' fraudulent, deceptive, unfair, and other wrongful conduct as alleged herein, said Defendants violated California Business and Professions Code sections 17200, et seq., by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive CERECEDES of the benefits of Defendants' financial products and services.

50. Defendants perpetrated these acts and practices against CERECEDES, and as a direct and proximate result of the foregoing, CERECEDES has suffered and continues to suffer damages in a sum which is, as of yet, unascertained. Pursuant to California Business and Professions Code section 17203, CERECEDES is entitled to restitution of all the monies paid to Defendants for retaining benefits that were due and owing to CERECEDES (with interest thereon), to disgorgement of all Defendants' profits arising out of their unlawful conduct (with interest thereon), and to be reimbursed and paid

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711



benefits due to CERECEDES under the Policy that Defendants wrongfully retained by means of its unlawful business practices.

51. Pursuant to California Code of Civil Procedure section 1021.5, CERECEDES is entitled to recover his reasonable attorney's fees in connection with Defendants' unfair competition claims, the substantial benefit doctrine, and/or the common fund doctrine.

**FOURTH CAUSE OF ACTION**

**(DECLARATORY RELIEF - *CUMIS* APPOINTMENT—AGAINST ALL DEFENDANTS)**

52. Plaintiff re-alleges and incorporates by reference into this cause of action all of the allegations set forth in this Complaint.

53. Under California Code of Civil Procedure section 1060, et seq., the court may declare rights, duties, statuses, and other legal relations, regardless of whether further relief is or could be claimed.

54. An actual controversy has arisen between CERECEDES and Defendants as to their respective rights and duties under the Policy.

55. Resolution of the parties' respective rights and duties under the Policy by declaration of the Court is necessary, as there exists no adequate remedy at law.

56. CERECEDES alleges that an irreconcilable conflict exists between the interests of Defendants and CERECEDES in the Elias action warranting appointment of *Cumis* counsel. Divergent interests of CERECEDES as the insured and the Defendants as the insurers have arisen due to Defendants' conduct throughout and its reservation of rights letter which is in part based upon the assertion that there is possibly no coverage under the insurance policy due to exclusions and the scope of coverage afforded by the policy. Defendants reserved its rights with regard to certain damage claims. The outcome of whether certain damages are excluded or covered under the Policy can be controlled by Defendants' appointed defense counsel, thereby creating a conflict of interest. Despite pointing out the conflicts and despite CERECEDES'S numerous requests for appointment of *Cumis*, Defendants have refused and continue to refuse, to appoint *Cumis* counsel in the Elias lawsuit. CERECEDES's rights will be irreparably harmed by the ongoing litigation of the Elias matter without *Cumis* counsel absent a declaration by this Court as to CERECEDES's right to *Cumis* counsel at this time..

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711



57. CERECEDES alleges and contends that Defendants wrongly denied a defense and coverage with respect their Policy for insurance.

58. Upon information and belief, CERECEDES alleges that Defendants dispute and deny each of CERECEDES's contentions set forth in this Cause of Action.

59. CERECEDES, therefore, seeks a declaratory judgment regarding each of Plaintiff's contentions set forth in this Cause of Action, including a declaratory judgment that Defendants are obligated to provide *Cumis* counsel to Plaintiff under the Policy and the laws of this state, pursuant to Civil Code §2860, and *San Diego Federal Credit Union v. Cumis Insurance Society* (1984) 162 Cal App 3d 358, and *Industrial Indem. Co. v. Great American Ins. Co*. (1977) 73 Cal.App.3d 529, as set forth above, this will help to ensure that CERECEDES'S rights are protected in the ongoing Elias lawsuit.

WHEREFORE, CERECEDES prays for judgment in his favor and against Defendants, as follows:

A. For a declaration adopting each of CERECEDES'S contentions set forth in the above Cause of Action for Declaratory Relief;

B. For disgorgement of profits and reimbursement of sums wrongly retained;

C. For general and compensatory damages in an amount to be determined at trial;

D. For statutory damages, trebled, and exemplary and punitive damages in an amount to be determined at trial;

E. For Plaintiff's costs of suit and attorney's fees as allowable by statute or at law;

F. For reasonable attorney's fees incurred in this action pursuant to statute;

G. For pre-judgment interest and all other interest to which Plaintiff is entitled;

H. For all attorney's fees and costs incurred in the defense of the Elias claim;

I. For *Brandt* fees and all attorney's fees recoverable by statute and/or at law; and

///

///

///

///

///

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711
B&A

J. For such other relief as the Court may deem proper.

DATED: October 4, 2024

BORBELY & ASSOCIATES

By: Ronald F. Berestka

Thomas E. Borbely, Esq.
Ronald F. Berestka, Esq.
Attorneys for Plaintiff JASON CERECEDES

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711
B&A

- 19 -.
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF
Case No.: 3:24-CV-06558

## PROOF OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18, and not a party to the within action. My business address is 2855 Mitchell Drive, Suite 245, Walnut Creek, California, 94598. I served the below-listed document(s) on the interested parties as listed in the attached Service List via the following method(s) on the date listed below:

**JASON CERECEDES' FIRST AMENDED COMPLAINT FOR:**

1. **BREACH OF CONTRACT**
2. **BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING/BAD FAITH**
3. **UNFAIR BUSINESS PRACTICES UNDER BUS. & PROF. CODE §17200, ET SEQ**
4. **DECLARATORY RELIEF- *CUMIS* APPOINTMENT**

[ ] **BY U.S. MAIL:** By placing a true copy of the document(s) listed above, enclosed in a sealed envelope, addressed as set forth below, for collection and mailing on the date shown above following our ordinary business practices. I am readily familiar with this business' practice for collection and processing of correspondence for mailing with the United States Postal Service.

[ ] **BY FACSIMILE:** I caused the above-listed document(s) to be transmitted by facsimile to the person(s) and number(s) listed on the attached Service List, and that transmission was reported as complete and without error.

[x] **BY E-MAIL:** I caused the above-listed document(s) to be transmitted by e-mail to the person(s) and e-mail address(es) listed on the attached Service List, and that transmission was reported as complete and without error.

[ ] **BY FILE & SERVE XPRESS:** I caused the above-listed document(s) to be uploaded to the approved File & Serve Xpress online system which automatically electronically serves all parties to this litigation.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. Executed on October 4, 2024.

*Ronald F. Berestka*

Ronald F. Berestka

BORBELY & ASSOCIATES
2855 Mitchell Drive, Suite 245
Walnut Creek, CA 94598
Tel: (925) 954-9700 Fax: (925) 954-9711



**SERVICE LIST:**

| Attorneys for Defendant Houston Casualty Company<br><br>Gary R. Selvin<br>Robin D. Korte<br>SELVIN WRAITH LLP<br>6250 Claremont Avenue, Suite 200<br>Oakland, CA 94618<br>Telephone: (510) 874-1811<br>Facsimile: (510) 465-8976<br>gselvin@selvinwraith.com<br>rkorte@selvinwraith.com | |
|---|---|

BORBELY & ASSOCIATES
2855 MITCHELL DRIVE, SUITE 245
WALNUT CREEK, CA 94598
TEL: (925) 954-9700 FAX: (925) 954-9711
B&A

- 21 -.
COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF
Case No.: 3:24-CV-06558